THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERARD LOUIS                          :
                                      :
            Plaintiff                 :
                                      :
v.                                    :      3:11-CV-328
                                      :      (JUDGE MARIANI)
WARDEN B.A. BLEDSOE, et al.,          :
                                      :
                                      :
            Defendants                :

## MEMORANDUM OPINION AND ORDER

### I.      Introduction

Before the Court is Defendants' Motion to Dismiss, or in the Alternative, for Summary

Judgment (Doc. 29). For the reasons that follow, the Court will grant the motion to dismiss

and close the case.

### II.      Statement of Facts and Procedural History

Plaintiff filed this action on February 18, 2010. (Doc. 1). At the time he filed his

Complaint, Plaintiff was an inmate incarcerated at USP Lewisburg. He brought this action

seeking injunctive relief because he feared that he was in imminent danger of sexual

assault from his cellmate. (Id.). In his prayer for relief, he requested transferal to another

special management unit or another housing unit, stating "[t]his civil suit is requesting the

injunctive relief stated above only as no actual physical injury has occurred (yet!), no

damages are requested." (Id.).

A week after filing his Complaint (February 25, 2011), Judge Caputo held a hearing on the motion for temporary restraining order ("TRO") or preliminary injunction ("PI") by video-conference. At the hearing, Plaintiff admitted that almost immediately after complaining, he was transferred to the Special Management Unit ("SMU") and separated from his cellmate. (Doc. 34, Ex. 2, TRO Tr. at 27). He also admitted that prior to filing this lawsuit, he had never reported to any staff at Lewisburg that he had received any threats of a sexual nature from his cellmate. (*Id.* at 32). The Court verbally denied the motion for a TRO at the conclusion of the hearing, because Plaintiff could not show irreparable harm now that he had been transferred to the SMU. (*Id.* at 49-51).

Plaintiff appealed, and the Third Circuit affirmed the denial of the TRO/PI. (Doc. 53-1). Citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990), the Third Circuit said, "Louis was moved away from his cellmate immediately after he complained. He is no longer in danger from that inmate and he presented no evidence, other than his own speculation, that he is currently in any kind of danger in the SMU." (Doc, 53-1 at 4). Thus, denial of preliminary injunctive relief was proper.

Following the affirmance of Judge Caputo's denial of injunctive relief, prison investigators recommended that Plaintiff be transferred to a Special Management Unit at either FCI Oakdale or USP Florence and that he be kept in restrictive housing until his transfer. (Doc. 39, Ex. 1-C, Investigative Report dated March 14, 2011). Defendants moved to dismiss and/or for summary judgment because there was no cause of action

remaining. (Doc. 29). Defendants also submitted a statement of facts in support of their motion. (Doc. 34). Plaintiff filed a Brief in Opposition (Docs. 46, 47) but did not file a response to Defendants' Statement of Facts.

Defendants then filed a Reply Brief (Doc. 50), updating the Court on Plaintiff's location. In the meantime, Plaintiff had been transferred to FCI Oakdale in Louisiana to complete his sentence while housed in SMU, as he requested. (Doc. 47, at 3).[1] As of the date of this decision, the Court takes judicial notice that Plaintiff has been released from incarceration. *See* Bureau of Prison website, www.bop.gov (showing release date of March 9, 2012).

## III.   Analysis

### A. Standards for Motion to Dismiss

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[W]hen presented with a motion to dismiss for failure to state a claim, . . . [the] Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d

---

[1] Plaintiff stated he had arrived at FCI Oakdale on June 24, 2011 and did not have a cellmate.

203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). The "Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211. As the Supreme Court noted in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted). Following *Iqbal*, it is now clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### B. *Standards for Motion for Summary Judgment*

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting

4

those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

## C. Case of Live Controversy

This Court's adjudicatory power depends upon "the continuing existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 882 F.2d 806, 810-11 (3d Cir.1989). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel*, 415 U.S. at 459, n.10. A prisoner's transfer or release from incarceration renders his claims for injunctive relief moot because he is no longer subject to the conditions he alleges are unconstitutional. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993).[2]

Defendants argue that because Plaintiff has received the very relief he sought, transfer to another SMU program, there is no longer a case in controversy. Following the

---

[2] Specifically, the Third Circuit found that:

> independent review of the record discloses that Abdul-Akbar had been released from the MSU more than five months prior to the commencement of trial and more than eight months prior to the entry of the district court's order, which, as stated, had directed the officials to devise and implement a new Legal Access Plan for the MSU. Because that injunctive order could provide no relief to Abdul-Akbar, who was no longer confined in the MSU, we conclude that the district court issued its injunction in the absence of a live case or controversy amenable to such an injunctive remedy.

*Id.* at 197.

affirmance of Judge Caputo's denial of injunctive relief, investigators recommended that be transferred to a Special Management Unit at either FCI Oakdale or USP Florence and that he be kept in restrictive housing until his transfer. (Doc. 39, Ex. 1-C, Investigative Report dated March 14, 2011). By Plaintiff's own admission, he was moved there in June 2011. (Doc. 47, at 3). As of the date of this Order, Plaintiff has been released from incarceration. As such, there is no longer a live controversy, and Plaintiff's request for injunctive relief in his Complaint and Motion are moot and will be dismissed. *See Fortes v. Harding*, 19 F.Supp.2d 323, 326 (M.D. Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief."). A prisoner's transfer or release does not moot any claim for *damages*, *Muslim v. Frame*, 854 F.Supp. 1215, 1222 (E.D. Pa. 1994) (citing *United States ex rel. Jones v. Rundle*, 453 F.2d 147, 150 (3d Cir. 1971), but because Plaintiff requested only injunctive relief,[3] there is no longer a live case or controversy before the Court.

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss/for Summary Judgment and dismiss the case as moot. An appropriate order follows.

Robert D. Mariani
United States District Judge

---

[3] "This civil suit is requesting the injunctive relief stated above only as no actual physical injury has occurred (yet!), no damages are requested." (Doc. 1).

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERARD LOUIS                          :
                                      :
            **Plaintiff**             :
      **v.**                          :    **3:11-CV-328**
                                      :    **(JUDGE MARIANI)**
WARDEN B.A. BLEDSOE, et al.,          :
                                      :
                                      :
            **Defendants**            :

## ORDER

**AND NOW, TO WIT, THIS 19TH DAY OF MARCH, 2012**, upon consideration of

Defendants' Motion to Dismiss/Summary Judgment (Doc. 29) and all the briefs in support

and against, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion to Dismiss is **GRANTED**.

2. The case is **DISMISSED AS MOOT.**

3. The Clerk of Court is directed to **CLOSE** the case.

Robert D. Mariani
United States District Judge